# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2020

Lyle W. Cayce
Clerk

No. 20-50047
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY JOHN MORRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-143-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Timothy John Morris challenges his 150-month sentence for possession with intent to distribute five grams or more of actual methamphetamine. *See* 21 U.S.C § 841(a)(1), (b)(1)(B). According to Morris, the district court erred when it held him accountable for 340.2 grams

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50047

of methamphetamine actual based on statements that he made to investigators after his arrest.

In determining the quantity of methamphetamine involved in the offense, the district court considered all of Morris's post-*Miranda*[1] statements and conservatively estimated an amount lower than that to which Morris originally admitted. *See United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020); U.S.S.G. § 2D1.1 & cmt. (n.5). Because the district court considered Morris's admissions as a whole, his later statements do not rebut their own reliability for approximating his relevant conduct. Nor do the amounts seized at the time of Morris's arrest rebut his own estimates of his methamphetamine trade where Morris adduced no evidence that those amounts reflected the scale of his trade in methamphetamine better than his admissions. *See Barfield*, 941 F.3d at 763-64; § 2D1.1, cmt. (n.5); *see also United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006).

Having adduced no evidence to rebut his admissions, Morris fails to show that the district court clearly erred in relying on the quantity derived from those admissions. *See Barfield*, 941 F.3d at 761, 763-64; *see also United States v. Moton*, 951 F.3d 639, 645 & n.29 (5th Cir. 2020); *Valdez*, 453 F.3d at 267. Because the quantity of methamphetamine actual that the district court attributed to Morris is plausible in light of the record as a whole, the judgment of the district court is AFFIRMED.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).